IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY FRAZIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:12-cv-4898-N-BN |
| RICK PERRY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Anthony Frazier, a Texas prisoner, has filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the Defendant, Governor Rick Perry, violated his constitutional rights. For the reasons stated herein, the complaint should be dismissed without prejudice.

**Background**

On November 13, 2012, Plaintiff filed a handwritten complaint in the Southern District of Texas. *See* Dkt. No. 1. Plaintiff alleges that Governor Perry or an unnamed defendant is responsible for "Assault and Battery without any touching of the physical body[.]" Dkt. No. 1 at 1. He also appears to challenge Dallas County Jail regulations regarding the meal schedule and distribution and retention of trays and utensils by inmates. *Id.* He seeks recovery of "One Hundredth Thousandth Millionth Billionth Trillionth Septillionth Quintillionth Quadrillionth Octillionth Nonillionth Decillionth Zillionth Dollars." *Id.* at 4. The case was transferred to the Northern District of Texas

by order dated November 29, 2012. *See* Dkt. No. 6 at 1-3.

Plaintiff did not file his civil rights complaint on a court-approved form or otherwise comply with Federal Rule of Civil Procedure 8(a), his pleadings are "almost nonsensical," *id.* at 1, and he failed to pay the statutory filing fee or properly seek leave to proceed *in forma pauperis*. Instead, Plaintiff filed a handwritten "Affidavit *In Forma Pauperis*" that provides no information on his ability to pay the statutory filing fee and the other costs of suit without causing undue financial hardship. *See* Dkt. No. 2. By order dated December 3, 2012, the Court notified Plaintiff of the deficiencies and warned that the case would be dismissed unless he filed a proper Section 1983 complaint and either paid the filing fee or filed a form motion to proceed *in forma pauperis* within 20 days. *See* Dkt. No. 10. No action was taken in response to that order. On January 3, 2013, the Court gave Plaintiff another 20 days to file a proper complaint and either pay the filing fee or seek leave to proceed *in forma pauperis* on a court-approved form and reminded him that the failure to do so "may result in the imposition of sanctions, including dismissal of the action for want of prosecution." Dkt. No. 11. That order has also been also ignored.

The Court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

**Legal standards**

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power

to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

**Analysis**

Plaintiff has not filed a complaint that complies with Federal Rule of Civil Procedure 8(a), paid the statutory filing fee, or sought leave to proceed *in forma pauperis* on a court-approved form. Until he does so, this litigation cannot proceed.

Plaintiff was notified of these deficiencies on two separate occasions and warned that the failure to file an amended complaint and either pay the filing fee or file a form motion to proceed *in forma pauperis* would result in the dismissal of his case. *See* Dkt. Nos. 10 & 11. Both orders have been ignored.

Under these circumstances, dismissal is warranted. *See, e.g., Gilmore v. Unnamed Defendant*, No. 3:08-cv-2006-B, 2009 WL 605809 (N.D. Tex. Mar. 9, 2009) (dismissing civil rights complaint without prejudice after plaintiff failed to comply with two court orders requiring him to file an amended complaint and either pay the statutory filing fee or seek leave to proceed *in forma pauperis*).

**Recommendation**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P.

41(b). Plaintiff's motion to proceed *in forma pauperis* [Dkt. no. 2] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 6, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE